UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT STUDSTILL EL,

Plaintiff,

v.

CITY OF TAYLOR,

Defendant.

_____/

Case No. 15-cv-12336

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [14]

### I. INTRODUCTION

On June 30, 2015, Herbert Studstill El ("Plaintiff") filed a complaint alleging violations under the United States Constitution and Moorish Zodiac Constitution against Defendant, City of Taylor (the "City"). Dkt. No. 1. Plaintiff's Application to Proceed *in Forma Pauperis* was granted on August 26, 2015. Dkt. No. 6. In the same order, the Court dismissed Plaintiff's claims under the Ninth Amendment, the First Amendment, and the Moorish Zodiac Constitution (Counts III–V). *Id*. at 6–9.

This matter is presently before the Court on Defendant's Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 14. Plaintiff did not respond to Defendant's motion and the period in which a response may be submitted has expired. For the following reasons, the Court **GRANTS** Defendant's Motion [14] and dismisses the Complaint due to failure to state a claim upon which relief may be granted.

## II. BACKGROUND

Plaintiff's complaint alleges that on February 13, 2015, he "was exercising [his] U.S. Constitutional protected right to travel on a public roadway" in a "1988 Buick red, plate # bcy0015" when a Taylor police officer stopped him.[1] Dkt. No. 1, p. 3 (Pg. ID No. 3). During this encounter, Plaintiff alleges that the officer(s) assaulted him and violated his constitutional rights. *See id*. The officers allegedly smashed the glass of his driver's side window, removed Plaintiff from the car, and beat him. *See id*. During the alleged beating, Plaintiff asserts that his car was searched. *See id*. The incident ended with Plaintiff being placed under arrest and cited for driving with a suspended license and expired plates and for interfering with police authority. *Id*. at 8, 18. Two days after the traffic stop, Plaintiff sought treatment for a strained shoulder, an abrasion, a contusion, and dental injury. *Id*. at 9.

In his Complaint, Plaintiff brought claims under the First, Fourth, Fifth, and Ninth Amendments to the U.S. Constitution. *Id*. at 1. He further alleges that the City of Taylor violated Articles one through seven of the "Moorish Zodiac Constitution." *Id*. at 1. For relief, Plaintiff asks the Court to bring criminal charges[2] against the City of Taylor and award him "7 million U.S. dollars or anything of value" for violation of his constitutional rights. *Id*. at 7.

As an exhibit to his Complaint, Plaintiff included a copy of his citation from the incident and the Taylor Police Department's "Case Report," including a narration from an officer involved in the stop, as an exhibit to his complaint. *Id*. at 8, 16–18. The officer's report describes the February 13 traffic stop in detail and indicates that Plaintiff was stopped because the officers

---

[1] In his Complaint, Plaintiff makes the unusual claim that he was not a "driver" when he was stopped, but was "merely exercising [his] U.S. constitutional right to travel." Dkt. No. 1 at 3–4. The Court notes that Plaintiff was operating a motor vehicle and falls under both the plain meaning of "driving" and the definition provided by Black's Law Dictionary. *See* DRIVING, Black's Law Dictionary (10th ed. 2014) ("The act of directing the course of something, such as an automobile or a herd of animals.").

[2] The Court will not discuss this requested remedy, as it is not a method of relief the Court has the authority to provide.

2:15-cv-12336-GAD-DRG Doc # 17 Filed 11/16/15 Pg 3 of 9 Pg ID 65

observed his car bearing a fake license plate reading "not for hire." *Id*. at 17. The officer asked

Plaintiff for his driver's license, registration, and proof of insurance, but Plaintiff refused to

provide the requested information. *Id*. at 17–18.

Plaintiff was ordered to step out of the vehicle, but refused and locked his door instead.

*Id*. at 18. The officers then broke open the car's driver's side window with a baton and removed

Plaintiff through the passenger door after Plaintiff's passenger exited the vehicle. *Id*. An officer

struck Plaintiff once with a closed fist during the struggle to handcuff him on the ground, as the

officer claims Plaintiff disobeyed commands to place his hands behind his back. *Id*. Once

Plaintiff was placed under arrest, the officers performed a LEIN check and found that Plaintiff's

license was suspended, his vehicle plates were expired, and there was a warrant out for

Plaintiff's arrest in Dearborn, Michigan. *Id*. Plaintiff's vehicle was towed and the officers

transported Plaintiffs to the police station. *Id*. Plaintiff was then released with a citation. *Id*.

Plaintiff's false license plate was placed into evidence. *Id*.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to

whether the plaintiff has stated a claim upon which relief may be granted. *See* FED. R. CIV. P.

12(b)(6). As articulated by the Supreme Court of the United States, "[t]o survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly,* 550 U.S. 554, 570 (2007)). This facial plausibility standard requires

claimants to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal

evidence of" the requisite elements of their claims. *Twombly,* 550 U.S. at 557. Even though a

complaint need not contain "detailed" factual allegations, its "factual allegations must be enough

-3-

to raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly,* 550 U.S. at 555) (internal citations omitted).

While courts are required to accept the factual allegations in a complaint as true, *Twombly,* 550 U.S. at 556, the presumption of truth does not apply to a claimant's legal conclusions, *Iqbal,* 556 U.S. at 678. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters,* 502 F.3d at 548 (quoting *Twombly,* 550 U.S. at 555) (internal citations and quotations omitted).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, a court shall dismiss a case at any time if the court determines that the action is: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A frivolous complaint may be "based on an indisputably meritless legal theory," rest on "clearly baseless" factual contentions, rely on "claims of infringement of a legal interest which clearly does not exist," or describe "fantastic or delusional scenarios." *Id*. at 327-28

## IV. DISCUSSION

Plaintiff's claims under the First and Ninth Amendments to the United States Constitution and Articles 1–7 of the Moorish Zodiac Constitution were previously dismissed by

-4-

this Court pursuant to an order on August 26, 2015.[3] *See* Dkt. No. 6. Given the nature of the

allegations in Plaintiff's *pro se* complaint, the Court construes his remaining allegations as

arising under 42 U.S.C. § 1983.

Local governments may be liable under § 1983 only when the entity's policy or custom is

"the moving force of the constitutional violation." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

694 (1978). A municipality cannot be held liable merely because it employed the offending

employee. *Id.* at 691 ("[A] municipality cannot be held liable under § 1983 on a *respondeat*

*superior* theory."). "Instead, it is when execution of a government's policy or custom … inflicts

the injury that the government as an entity is responsible under § 1983." *Id.* at 694. To establish a

§ 1983 claim under Sixth Circuit precedent, Plaintiff must "identify the policy, connect the

policy to the city itself and show that the particular injury was incurred because of the execution

of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting

*Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987)).

## A.  Plaintiff Failed to State a Claim for a Violation of His Fourth Amendment Rights

The Court assumes that Plaintiff is protesting his seizure and the officer's application of

force in his Fourth Amendment claim, as Plaintiff did not include any argument as to how his

Fourth Amendment rights were violated.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures." *See Whren v.*

*United States*, 517 U.S. 806, 809 (1996). The Supreme Court has interpreted that to mean that

the Fourth Amendment protects against unreasonable seizures, "including seizures that involve

---

[3] Additionally, Plaintiff brought identical claims against the City of Romulus for a different traffic stop, which took place on May 21, 2015. *See Herbert Studstill El v. City of Romulus*, No. 15-12545 (E.D. Mich. July 31, 2015). Judge Bernard Friedman issued an order denying Plaintiff's application to proceed in forma pauperis and dismissing his complaint on July 22, 2015. *See id.*

only a brief detention short of traditional arrest." *United States v. Mendenhall*, 446 U.S. 544, 551 (1980). "Generally, seizures are reasonable only if based on probable cause to believe that the individual has committed a crime." *Al-Lamadani v. Lang*, No. 14-3910, 2015 WL 5024124, at *5 (6th Cir. Aug. 26, 2015). In the context of a traffic stop, "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren*, 517 U.S. at 810. Such probable cause exists where an officer observes an individual driving a vehicle without a proper and visible license plate. *See United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993).

Thus, under the facts alleged, Plaintiff has failed to plead an adequate § 1983 claim for a violation of his Fourth Amendment rights. Plaintiff does not identify any custom or policy of the City of Taylor that caused his constitutional rights to be violated. Indeed, Plaintiff does not argue that his license was not suspended or that his plates were not expired. A policy of stopping vehicles with false, expired, or non-visible plates does not give rise to a constitutional violation. Under the facts alleged, the officers[4] had probable cause to stop Plaintiff and investigate whether he was committing the offense of driving with an expired or missing license plate tags. *See United States v. Marshall*, 233 F. App'x 436, 439 (6th Cir. 2007) ("Since driving with expired tags constitutes probable cause to stop a vehicle, the district court correctly concluded that the stop complied with the Fourth Amendment.").

In evaluating whether a "police officer's use of force was 'reasonable' under the circumstances, … inquiry is 'whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.' " *Jones v. Robinson*, 37 F. App'x 761, 762 (6th Cir. 2002). Reviewing the facts

---

[4] The Court notes that Plaintiff did not list the officers as defendants or bring any claims specifically against them. The sole defendant in this case is the City of Taylor.

presented in the Complaint and attached exhibits, there does not appear to be a factual dispute about the stop. Officers pulled Plaintiff over for a traffic violation and Plaintiff obstructed the officers by failing to provide required information and refusing to exit the vehicle. An officer then broke Plaintiff's window and removed him from the vehicle. Once out of the vehicle, Plaintiff continued to evade arrest and officers responded with force. Under the Sixth Circuit precedent, the factors present in this case weigh in favor of the reasonableness of the officers' use of force. *See Ryan v. Hazel Park*, 279 F. App'x 335, 338-39 (6th Cir. 2008) (finding officers' use of force was not excessive when individual resisted arrest after being removed from her vehicle). As to the use of force component of Plaintiff's Fourth Amendment claim, he again fails to identify a government policy or custom that would allow this claim to proceed under § 1983.

Plaintiff's Fourth Amendment claim will be dismissed for failure to state a claim upon which relief may be granted.

**B.   Plaintiff Failed to State a Claim for a Violation of His Fifth Amendment Rights**

The Fifth Amendment provides that "[n]o person shall … be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law." Although Plaintiff has not provided guidance as to how his Fifth Amendment rights were violated, the Court assumes from his Complaint that Plaintiff intends to make the following arguments: (1) being required to communicate with the officers during the traffic stop violated his Fifth Amendment rights; and (2) he was deprived of property–an automobile and license plate–without due process. *See* Dkt. No. 1, p. 6 (Pg. ID No. 6).

Plaintiff's first argument that it violates the Fifth Amendment "to force anyone to register anything … communicative" is without merit. *See id*. Plaintiff was not prosecuted for a crime, nor was he compelled to be a witness against himself in a criminal case. *See Chavez v. Martinez*,

538 U.S. 760 (2003). Additionally, the officers were fully within their rights to question him at the traffic stop. Police are permitted to make ordinary inquiries incident to a traffic stop, such as "checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." *Rodriguez v. United States*, 135 S. Ct. 1609, 1615 (2015) ("These checks serve the same objective as enforcement of the traffic code: ensuring that vehicles on the road are operated safely and responsibly.").

Plaintiff's final argument appears to be that he was deprived of his property without due process when the police towed his car and seized his fake license plate. As to the towing of Plaintiff's vehicle, his Fifth Amendment claim fails because his vehicle was lawfully impounded for safekeeping following his arrest at the traffic stop. *See United States v. Harvey*, 16 F.3d 109, 112 (6th Cir. 1994) (finding the "police lawfully exercised their discretion in deciding to impound the vehicle in the absence of any licensed driver to attend to it"). He recovered the vehicle from the facility to which it was towed three days after the stop. *See* Dkt. No. 1, p. 10. Further, Plaintiff does not have a constitutionally protected property interest in the false license plate that was placed into evidence after his traffic violation. Plaintiff's Fifth Amendment rights were not violated by the towing of his vehicle and placing of his false license plate into evidence.

As mentioned in the previous section, Plaintiff did not identify or allege any policy or custom by the City of Taylor that would hold them responsible for the police officers acts under § 1983. Accordingly, Plaintiff's Fifth Amendment claim will also be dismissed for failure to state a claim upon which relief may be granted.

## C. The Court Will Decline to Award Attorneys' Fees to Defendant

"A prevailing party in a 42 U.S.C. [§] 1983 … action, at the discretion of the trial court, is entitled to attorney fees as part of costs." *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir.

2001). "A prevailing defendant should only recover upon a finding by the district court that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' " *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). Although Plaintiff's *pro se* Complaint was a far cry from legal coherence, the Court is not willing to say that it was so frivolous as to award attorney's fees to the prevailing defendant. Hence, the Court will decline Defendant's request for the award of attorney's fees for the time spent writing its three page Motion to Dismiss.

## V. CONCLUSION

In conclusion, the Court finds that Plaintiffs' Complaint failed to state a claim upon which relief may be granted. Accordingly, for the reasons discussed in detail above, the Court **GRANTS** the Defendant's Motion to Dismiss [14]. **IT IS HEREBY ORDERED** that the Complaint [1] is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated: November 16, 2015

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record l on November 16, 2015. Service was done electronically and by U S Postal Mail as required.

s/Teresa A. McGovern
Case Manager Generalist